IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| KATELYN ANDERSON,<br>on behalf of herself<br>and similarly situated employees, | Civil Action No: |
| Plaintiff, | |
| v. | |
| VITAC Corporation | |
| Defendant, | |

**CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Katelyn Anderson ("Anderson" or "Plaintiff") through her undersigned counsel, individually and on behalf of all persons similarly situated employees, files this Class and Collective Action Complaint against Defendants VITAC Corporation ("VITAC" or "Defendant") seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.* The following allegations are based on personal knowledge as to Plaintiff's own conduct and on information and belief as to the acts of others.

**JURISDICTION AND VENUE**

1. Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims derive from a common nucleus of operative facts.

1

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. The events that give rise to Plaintiff's claims occurred within this district, and Defendants do business in this district.

## PARTIES

4. Plaintiff, Katelyn Anderson, has been a resident of, and domiciled in, the State of Colorado during all times relevant to the allegations in this Complaint, c/o/ Hardin Thompson, P.C. 2301 Blake Street, Suite 100, Denver, Colorado 80205. Pursuant to 29 U.S.C. § 216(b), she has consented in writing to being a Plaintiff in this action.

5. Defendant, VITAC, is a Pennsylvania foreign corporation, with a principal office, located at 169 Madison Ave, 2316, New York, NY 10016, and has been operating under the laws of the State of Colorado during all relevant time periods.

6. VITAC employs individuals in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or material that have been moved in or produced commerce by any person, as required by 29 U.S.C. §§206-207.

7. VITAC's annual gross volume of business exceeds $500,00.

8. VITAC is not independently owned and controlled local enterprise within the meaning of 29 U.S.C. §207(b)(3).

## CLASS DEFINITIONS

9. Plaintiff brings her FLSA claim pursuant to 29 U.S.C. 216(b) as a collective action on behalf of the following class of potential opt-in litigants:

*All individuals employed by Vitac, who performed worked defined and categorized as "prep" time, for Vitac in the last three (3) years.*

2

10. Plaintiff also brings this lawsuit for Counts Three through Five as a class action pursuant to the Federal Rules of Civil Procedure 23, on behalf of herself and the following class referred to as the "Colorado Class":

*All individuals employed by Vitac, who performed worked defined and categorized as "prep" time, for Vitac in the last three (3) years.*

11. The FLSA Class and the Colorado Class are together referred to as the "Classes".

12. Plaintiff Anderson reserves the right to re-define the Classes prior to notice or class certification, and thereafter, as necessary.

## FACTS

13. Vitac employs members of the classes throughout Colorado and various other states.

14. From October 2017 through November 2024, Plaintiff Anderson was employed as a Voice Captioner doing Caption work for Vitac.

15. Plaintiff Anderson worked for Vitac in the state of Colorado, between approximately October 2017 through November 2024.

16. Vitac hired employees on a tiered pay structure, and who are paid hourly.

17. Vitac employees are required to perform worked entitled "prep" time whereby they are clocked in but unpaid, performing preparation tasks necessary for their position. Employees were required to be at their work station and prepared to work before their official start time.

18. "Prep" time is undefined in the paid tier structure and is not paid to employees.

19. Plaintiff Anderson and similarly situated employees were required to keep track of their prep time. The unpaid prep time is recorded on each individual's pay stub.

20. Plaintiff Anderson and similarly situated employees were not paid for their time spent doing "prep" work.

21. "Prep" time includes checking in or connecting to the facilities of customers, conducting research using the post-event dictionary, and conducting quality assurance tasks, among other tasks.

22. The tasks associated with "prep" time are necessary to complete the assignments given to Plaintiff Anderson and similarly situated employees, and Plaintiff Anderson and similarly situated employees routinely execute these tasks, as expected.

23. Defendant's time-keeping policy defines "Actual Worked Houses" as "time spent checking in, to connecting to facilities of a customer; (iv) and time spent in pre-event preparation or post event dictionary or other work. Furthermore, the policy states that it was required that the claimant "record [their] actual hours for prep and all other off-air work at the end of each work day.

24. Plaintiff Anderson and similarly situated employees were not paid for any "prep" time work that they completed and recorded.

## COLLECTIVE ACTION ALLEGATIONS

25.    Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Class as defined above.

26.    Plaintiff's desires to pursue her FLSA claim on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

27.    Plaintiff and the FLSA Class are similarly situated as that term is used in 29 U.S.C. § 216(b), because, inter alia, all such individuals worked pursuant to Defendants' previously

described common business practices and, as a result, were not paid their full amounts of legally mandated prep time for all hours worked.

28. The similarly situated employees are known to Defendants, are readily identifiable, and may be located through Defendants' records. These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other appropriate means, as allowed to opt into it pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, interest, and attorney's fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

29. Plaintiff also brings this action pursuant to Fed. R. Civ. P. 23 on behalf of herself and the Colorado Class described above.

30. The members of the Colorado Class are so numerous that joinder of all members is impracticable.

31. Plaintiff will fairly and adequately represent and protect the interests of the Colorado Class because there is no conflict between the claims of Plaintiff and those of the Colorado Class, and Plaintiff's claims are typical of the claims of the Colorado Class. Plaintiff's counsel is competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases, like this one.

32. There are questions of law and fact common to the Colorado Class, which predominate over any questions affective on individual Class members, including whether Defendants violated and continue to violate Colorado law through its policy or practice of not paying proper wages to its employees.

33. Plaintiff's claims are typical of the claims of the Colorado Class in the following ways: 1) Plaintiff is a member of the Colorado Class; 2) Plaintiff's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Colorado Class; 3) Plaintiff's claims are based on the same legal and remedial theories as those of the Colorado Class and involve similar factual circumstances.; 4) there are no conflicts between the interests of the Plaintiff and the Colorado Class members; and 5) the injuries suffered by Plaintiff are similar to the injuries suffered by the Colorado Class members.

34. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Colorado Class predominate over any questions affecting only individual Class members.

35. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication or effort and expense that numerous individual actions would entail.

36. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Colorado Class is readily identifiable from Defendant's employment records. Prosecution of separate actions by individual members of the Colorado Class would create the risk of inconsistent or varying adjudications with respect to the individual Class members that would establish incompatible standards of conduct for Defendant.

37. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. The amounts at stake for the

Defendant's employees, while significant, are not great enough to maintain separate suits against Defendant.

38. Without a class action, Defendant would retain the benefit of its wrongdoing, which will result in further damages to Plaintiff and the Colorado Class. Plaintiff envisions no difficulty in the management of this case as a class action.

### COUNT I
### VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq.*, FAILURE TO PREP TIME

39. All previous paragraphs are incorporated as though fully set forth herein.

40. At all times relevant to this Complaint, Defendant was an "employer" under the FLSA, 29 U.S.C. § 203(d), subject to the provisions of 29 U.S.C. §§ 201, *et seq.*; 29 C.F.R. § 791.2.

41. At all times relevant to this Complaint, Plaintiff was an "employee" of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

42. Plaintiff either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) was employed in an enterprise engaged in commerce or in the production of goods for commerce.

43. Plaintiff and the proposed Collective members are not exempt from the applicable provisions of the FLSA.

44. At all times relevant to this Complaint, Defendant "suffered or permitted" Plaintiff and all similarly situated employees to work and thus "employed" her within the meaning of the FLSA, 29 U.S.C. § 203(g).

45. The FLSA requires an employer to pay all employees for all hours worked. 29 U.S.C. § 207,

7

46. Plaintiff regularly worked prep time hours while employed by Defendant.

47. Defendant violated the FLSA by failing to pay Plaintiff prep time, at her regular hourly rate.

48. Defendant's violations of the FLSA were willful, with knowledge or reckless disregard of the statutory overtime requirements, as demonstrated by their failure to pay Plaintiff her prep time for all hours worked.

49. As a result of the foregoing, Plaintiff was injured and seeks appropriate relief against Defendant including back pay, liquidated damages, reasonable attorneys' fees and costs, and all other relief just and appropriate in the circumstances.

## COUNT II
## VIOLATION OF 8-4-101, et. seq.
## VIOLATION OF THE COLORADO WAGE ACT

50. All previous paragraphs are incorporated as though fully set forth herein.

51. At all material times, Defendants have each been an "employer" within the meaning of the Colorado Wage Claim Act, C.R.S. §§ 8-4-101, et seq

52. At all material times, Defendants have employed "employees," including Plaintiff and Class Members, within the meaning of the Colorado Wage Claim Act, C.R.S. §§ 8-4-101, et seq.

53. Defendants were each Plaintiff's "employer" within the meaning of the Colorado Wage Claim Act, C.R.S. §§ 8-4-101, et seq.

54. As a result of the foregoing conduct, as alleged, Defendants have failed to pay wages due thereby violating, and continuing to violate, the Wage Claim Act. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

55. As a result, Plaintiff has been damaged in an amount to be determined at trial.

56. Plaintiff hereby demands payment on behalf of Plaintiff and all Class Members in an amount equal to all earned but unpaid prep time compensation. This demand for payment is continuing and is made on behalf of any current employees of Defendants whose employment terminates at any time in the future. Such payment should be made in care of undersigned counsel at the listed address.

## COUNT V
## UNJUST ENRICHMENT

75. All previous paragraphs are incorporated as though fully set forth herein.

76. Defendant has received and benefitted from the uncompensated labors of Plaintiff and Colorado Class, such that to retain such benefit without compensation would be inequitable and unjustly enrich the Defendant.

77. At all times relevant hereto, Defendant, devised and implemented a plan to increase its earnings and profits by fostering a scheme of securing work from Plaintiff and Colorado Class without paying total compensation and overtime for hours worked.

78. Contrary to good faith and fair dealing, Defendant induced Plaintiff and the Colorado Class to perform work while failing to pay overtime and/or minimum wage compensation for all hours worked as required by law.

79. By reason of having secured the work and efforts of Plaintiff and the Colorado Class without paying overtime and full compensation as required by law, Defendant enjoyed reduced labor costs and consequentially additional earnings and profit to its own benefit.

80. Therefore, Plaintiff and the Colorado Class are entitled to judgment in an amount equal to the benefits unjustly retained by Defendant.

## RELIEF REQUESTED

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, requests an order for relief as follows:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. An order compelling Defendants to provide a full list of all current and former employees for the last three (3) years.

C. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential Class members;

D. An order permitting this litigation to proceed as a class action pursuant to Federal Rules of Civil Procedure 23 on behalf of Colorado Class;

E. Back pay damages (including unpaid overtime compensation and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

F. Liquidated damages to the fullest extent permitted under the law;

G. Litigation costs, expenses, and reasonable attorneys' fees to the fullest extent permitted under the law;

H. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff Anderson, individually and on behalf of all others similarly situated, by and through her attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled case.

Respectfully Submitted,

<u>/s/ Sara A. Green</u>
Sara A. Green, Esq.
HARDIN THOMPSON, P.C.
2301 Blake Street, Suite 100,
Denver, Colorado 80205
Telephone: (813) 940-811
sgreen@hardinlawpc.net

*Counsel for Plaintiff*

11