IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 25-cv-00329-PAB-NRN

KATELYN ANDERSON, on behalf of herself and similarly situated employees,

    Plaintiff,

v.

VITAC CORPORATION,

    Defendant.

---

**ORDER**

---

The matter before the Court is the final approval of the class action settlement pursuant to Fed. R. Civ. P. 23 and Class Counsel's Unopposed Motion for Approval of Attorneys' Fees [Docket No. 85] and Joint Motion for Final Approval of Class Action Settlement [Docket No. 89]. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## I.   BACKGROUND

On January 31, 2025, plaintiff Katelyn Anderson filed her complaint on behalf of herself and all others similarly situated against defendant Vitac Corporation. Docket No. 1. Ms. Anderson was employed by defendant from October 2017 to November 2024 to create closed captions for defendant's media clients. *Id*. at 3, ¶ 15. Defendant hired employees who are paid hourly. *Id*., ¶ 16. The complaint alleges that defendant required its employees to perform "prep time," *id*., where they were required to clock-in and perform "preparation tasks," such as connecting to customers' facilities, conducting

research, and conducting quality assurance, before the scheduled start of their shifts.

*Id.* at 3, 4, ¶¶ 17, 21.  The complaint alleges that Ms. Anderson and similarly situated

employees recorded their prep time, but were not paid for that time.  *Id.* at 3-4, ¶¶ 19,

24.

Ms. Anderson seeks to represent a collective pursuant to the Fair Labor

Standards Act (the "FLSA"), 29 U.S.C. § 216(b), and a class pursuant to Fed. R. Civ. P.

23.  *See id.* at 4-7.  On behalf of the collective, Ms. Anderson asserts a claim for

violation of the FLSA for unpaid wages.  *See id.* at 7-8.  On behalf of the class, Ms.

Anderson asserts claims for violation of the Colorado Wage Act and for unjust

enrichment.  *See id.* at 8-9.

On January 22, 2026, the Court granted the parties' joint motion for preliminary

approval of the class action settlement.  *See generally* Docket No. 78.  On April 16,

2026, the Court held a fairness hearing.  *See* Docket No. 88.  No objections were made

before or at the time of the fairness hearing.

## II.    FINAL CERTIFICATION OF COLLECTIVE AND CLASS ACTION

On January 22, 2026, the Court preliminarily certified the following settlement

class:

> All current and former closed captioners in Colorado who worked for Defendant
> from January 31, 2022 through the date of final settlement approval.

Docket No. 78 at 29.

### A. Certification of Class Action under Rule 23

Approval of a class action settlement under Rule 23 takes place in two stages.  In

the first stage, the court preliminarily certifies a settlement class, preliminarily approves

the settlement agreement, and authorizes that notice be given to the class so that

2

interested class members may object to the fairness of the settlement. In the second stage, after notice is given to the putative class, the court holds a fairness hearing at which it addresses (1) any timely objections to the treatment of this litigation as a class action, and (2) any objections to the fairness, reasonableness, or adequacy of the settlement terms. Fed. R. Civ. P. 23(e)(2); *see, e.g.*, *McReynolds v. Richards-Cantave*, 588 F.3d 790, 803 (2d Cir. 2009).

District courts have broad discretion in granting or denying class certification. *Shook v. Bd. of Cnty. Comm'rs of the Cnty. of El Paso*, 543 F.3d 597, 603 (10th Cir. 2008). "[C]ertification is proper only if 'the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-51 (2011) (quoting *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 161 (1982)). A district court may only certify a settlement class if it is "satisfied, after a rigorous analysis," that the requirements of Rule 23 are met, and frequently a district court's "'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim." *Id*.

A district court may certify a class action if the proposed class satisfies the prerequisites of Rule 23(a) as well as the requirements of one of the three types of classes identified in Rule 23(b). Where the plaintiff applies for class certification, the plaintiff bear the burden of proving that Rule 23's requirements are satisfied. *DG ex rel. Stricklin v. Devaughn*, 594 F.3d 1188, 1194 (10th Cir. 2010) (citing *Shook v. Bd. of Cnty. Comm'rs of the Cnty. of El Paso*, 386 F.3d 963, 968 (10th Cir. 2004)).

### 1. Rule 23(a)

Rule 23(a) requires that (1) the class be so numerous that joinder is impracticable; (2) there are questions of law or fact common to the class; (3) the claims of the representative parties are typical of those of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). In the order on the motion for preliminary approval, the Court found that each of the Rule 23(a) requirements was met. Docket No. 78 at 10-15. The Court incorporates those findings herein. Accordingly, the requirements of Rule 23(a) are met.

### 2. Rule 23(b)(3)

In its order granting preliminary approval of the settlement agreement, the Court preliminarily certified the class under Rule 23(b)(3), *id*. at 15-17, which states that a class action may be maintained if "the questions of law or fact common to class members predominate over any questions affecting only individual members, and [ ] a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The Court finds that final certification under Rule 23(b)(3) is appropriate for the same reasons it found preliminary approval was warranted. *See* Docket No. 78 at 15-17. Accordingly, the Court finds that the proposed settlement class qualifies for final certification under Rule 23.

### B. Certification of FLSA Collective Action

The FLSA permits an employee or employees to bring an action "[on] behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Courts apply a two-stage approach to determining whether plaintiffs are "similarly situated" for purposes of FLSA collective action certification. *Thiessen v. GE Capital*

4

*Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001).  First, a court makes an initial determination as to whether plaintiffs are similarly situated for purposes of sending notice to putative class members.  *Id.* at 1102.  At the "notice" stage, a court applies a fairly lenient standard, requiring only "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan."  *Id.* (quoting *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D. Colo. 1997)).  On January 22, 2026, the Court made this determination and conditionally certified the action as a collective action pursuant to 29 U.S.C. § 216(b).  *See generally* Docket No. 78.

After discovery by the parties, a court makes a second determination about whether putative class members are similarly situated.  *See Thiessen,* 267 F.3d at 1102-03.  In deciding whether to certify a collective action at this stage, the court applies a stricter standard and considers several factors, including: "(1) [the] disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to [the] defendant which appear to be individual to each plaintiff; [and] (3) fairness and procedural considerations."  *Id.* at 1103 (quoting *Vaszlavik*, 175 F.R.D. at 678).

Where the plaintiff seeks certification of both a Rule 23 class and a FLSA collective, courts have found that certification of an FLSA settlement collective is appropriate where the plaintiff has satisfied the conditions required to certify a Rule 23 class because there is significant overlap between what is required for certification of a class under Rule 23 and what is required for certification of a FLSA collective.  *See Shahlai v. Comcast Cable Commc'ns Mgmt., LLC,* No. 16-cv-02556-WJM-NRN, 2018 WL 3870129, at *6 (D. Colo. Aug. 15, 2018) ("For essentially the same reasons explained above, as to Rule 23, . . . the Court also finds that preliminary certification of

the proposed FLSA class is warranted under the comparatively lenient standard for preliminary certification and notice of an FLSA collective action."); *Hunter v. CC Gaming, LLC*, No. 19-cv-01979-DDD-KLM, 2020 WL 13444208, at *5 (D. Colo. Dec. 16, 2020) ("Given the significant overlap in the requirements between the two standards for Rule 23 classes and FLSA collectives . . ., the court will certify the FLSA settlement collective for substantially the same reasons that it will certify the Rule 23 class."). For the same reasons described in its order preliminarily certifying the FLSA collective, *see* Docket No. 78 at 22-24, the Court finds that final certification of a FLSA collective is warranted.

The Court therefore certifies a settlement class under Rule 23 and FLSA § 216(b), defined as "[a]ll current and former closed captioners in Colorado who worked for Defendant from January 31, 2022 through the date of final settlement approval."

## III.    FINAL APPROVAL OF SETTLEMENT AGREEMENT

### A. Overview of the Settlement Agreement

The settlement agreement states that defendant will pay a Maximum Settlement Amount of $500,000. Docket No. 74-1 at 3. The Maximum Settlement Amount includes a $5,000 service award to Ms. Anderson, $200,000 for class counsel's attorney's fees, settlement payments to class members, and settlement payments to Out of State Captioners, who are "out-of-state captioners who signed consent forms to participate in this litigation."[1]  *Id.*  at 3, 10. The only cost not included in the Maximum Settlement

---

[1] On April 13, 2026, plaintiff filed a consent to join form from Sharron Cathcart dated February 1, 2025. Docket No. 86 at 1. Given plaintiff's failure to timely file Ms. Cathcart's consent form and in order to ensure Ms. Cathcart's inclusion in the settlement agreement, class counsel agreed at the fairness hearing to pay Ms.

Fund is the cost of the Settlement Administrator. *Id.* at 3. Defendant will pay the cost of the Settlement Administrator. *Id.* at 11. Within 21 days after the Date of Finality,[2] defendant shall transfer the Maximum Settlement Amount to the Settlement Administrator. *Id.* at 10. After attorney's fees and the service award are paid from the Maximum Settlement Fund, class members and Out of State Captioners will be paid. *Id.* at 11. Ms. Anderson, class members, and Out of State Captioners shall release their claims[3] against defendant, effective on the date that defendant transfers the Maximum Settlement Amount to the Settlement Administrator. *Id.* at 14-15.

---

Cathcart's share of the settlement from counsel's attorney's fee award. *See* Docket No. 88 at 1.

[2] The Settlement Agreement defines the Date of Finality as:

> the later of the following: (1) the date the Final Order is signed if no objections are made to the Settlement or if objections are made and withdrawn; (2) five (5) days after the deadline to appeal the Final Order has expired without a timely appeal or request for review being filed if objections are filed and overruled; (3) ten (10) days after any appeal is withdrawn or after an appellate decision affirming the Final Order without material modification becomes final if objections are filed and overruled and an appeal is taken of the Final Order; or (4) the date that the Action is dismissed with prejudice.

Docket No. 74-1 at 2.

[3] Claims shall include:

> The claims released shall include, without limitation, known and unknown claims relating to any alleged: underpayment of wages; failure to pay minimum wages; failure to pay or correctly calculate regular, overtime, paid sick leave, or meal or rest break premium pay; failure to provide meal or rest periods; failure to maintain accurate payroll records; failure to timely pay wages when due; failure to pay pre-shift or post-shift activities; failure to pay reporting time; failure to reimburse business expenses; and any statutory and/or civil penalty claims including but not limited to claims for inaccurate wage statements, untimely or late pay, and underpayment of wages due at termination.

*Id.* at 14.

7

### B. Notice to Settlement Class

Under Rule 23(e)(1), a district court approving a class action settlement "must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). Rule 23(c)(2)(B) provides, in relevant part, that for "any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). In addition to the requirements of Rule 23, the Due Process Clause also guarantees unnamed class members the right to notice of a settlement. *DeJulius v. New England Health Care Emps. Pension Fund*, 429 F.3d 935, 943-44 (10th Cir. 2005). However, due process does not require that each class member receive actual notice to be bound by the adjudication of a representative action. *Id.* Instead, the procedural rights of absent class members are satisfied so long as "the best notice practicable [is given] under the circumstances including individual notice to all members who can be identified through reasonable effort." *In re Integra Realty Resources, Inc.*, 262 F.3d at 1110 (citation omitted). Thus, the legal standards for satisfying Rule 23(c)(2)(B) and the constitutional guarantee of procedural due process are "coextensive and substantially similar." *DeJulius*, 429 F.3d at 944.

The parties agreed to provide notice to the settlement class members by first-class mail in conjunction with the Settlement Administrator. *See* Docket No. 78 at 25-26. In its order preliminarily approving the settlement agreement, the Court approved the parties' notice plan, notice form, and opt-out form, subject to specific revisions, and

8

found that the requirements of Rule 23 and the Due Process Clause are satisfied.  *See id.* at 25-28.

The parties submit the declaration of the Settlement Administrator, Optime Administration, LLC ("Optime"), which describes the result of notice process.  Docket No. 89-4.  Anthony Gomez of Optime states that Optime provided notice to 110 class members via their last known address.  *Id.* at 2, ¶ 9.  As of June 26, 2026, nine notices were returned as undeliverable.  *Id.*, ¶ 10.  Using a public records database, Optime found five updated addresses.  *Id.*  After mailing notice to the updated addresses, 106 out of 110 notice mailings were successfully delivered.  *Id.*  The Court finds that this notice procedure satisfies Rule 23(c)(2)(B) and (e)(1) and the requirements of the Due Process Clause.

### C. Analysis of Hybrid Settlement Agreement Factors

In order to determine whether to grant final approval to a hybrid Rule 23 and FLSA settlement agreement, the Court considers whether: (1) there was a bona fide dispute in an adversarial context concerning disputed questions of law and fact; (2) the plaintiffs were represented by competent and experienced counsel; (3) the settlement agreement was honestly negotiated; (4) the settlement was fair and reasonable, including that the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; (5) the parties think the settlement is fair; (6) the service payment to the named plaintiff was reasonable; and (7) the release language in the settlement agreement comports with Rule 23 and the FLSA. *See Pliego v. Los Arcos Mexican Restaurants, Inc.*, 313 F.R.D. 117, 128-32 (D. Colo. 2016) (determining whether to approve a hybrid settlement based on a combination of

factors used to evaluate Rule 23 class action and FLSA collective action settlements).

In the order on the motion for preliminary approval, the Court found that each of these

factors used to evaluate hybrid settlement agreements were satisfied.  *See* Docket No.

78 at 22-24.  The Court incorporates those findings herein.  Accordingly, the Court finds

that the settlement agreement satisfies each of these factors.  The Court will grant final

approval to the settlement agreement.

## IV.    ATTORNEY'S FEES AND SERVICE AWARD

Plaintiff filed a motion for attorney's fees and service award.  Docket No. 85.

Plaintiff requests an attorney's fees award in the amount of $200,000 which is 40% of

the settlement fund.[4]  *Id.* at 1.  Plaintiff also requests a service award of $5,000 for Ms.

Anderson.  *See id.* at 2-3.  No class members objected to the request for the attorney's

fees or service award.  *See* Docket No. 88 at 1.

In a certified class action, a court may award reasonable attorney's fees and

costs that are authorized by the parties' agreement provided that (1) the claim for an

award is made by a motion under Rule 54(d)(2) and notice of the motion is directed to

class members; (2) a class member or party from whom payment is sought may object;

and (3) the court finds facts and states its legal conclusions.  Fed. R. Civ. P. 23(h).

Under the FLSA, prevailing plaintiffs are entitled to recover "a reasonable attorney's fee

. . . and costs of the action."  29 U.S.C. § 216(b).  The notice provided to class members

stated that class counsel would receive an attorney's fee award of $200,000 and that

Ms. Anderson, as the Class Representative, would receive a $5,000 service award.

*See* Docket No. 74-2 at 2.

---

[4] This amount includes $1,046.87 in costs.  *See* Docket No. 85-2 at 2, ¶ 12.

In common fund cases, the Tenth Circuit has "recognized the propriety of awarding attorneys' fees . . . on a percentage of the fund, rather than lodestar, basis." *Uselton v. Commercial Lovelace Motor Freight, Inc.*, 9 F.3d 849, 853 (10th Cir. 1993); *accord Gottlieb v. Barry*, 43 F.3d 474, 483 (10th Cir. 1994) (holding that, although either method is permissible in common fund cases, "*Uselton* implies a preference for the percentage of the fund method").  Because this is a common fund case and because the fee request is for a percentage of the common fund, the Court will consider the attorney's fees award using the percentage of the fund approach.  *See Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 454 (10th Cir. 1988) (distinguishing common fund and statutory fees cases); *see also Paulson v. McKowen*, No. 19-cv-02639-PAB-NYW, 2023 WL 2528783, at *7 (D. Colo. Mar. 15, 2023).

The "percentage reflected in a common fund award must be reasonable" and the court "must articulate specific reasons for fee awards."  *Brown*, 838 F.2d at 454 (citation and internal quotations omitted).  In determining the reasonableness of a percentage award, courts apply the *Johnson* factors, which are:

> (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) any prearranged fee—this is helpful but not determinative; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id*. at 454-55 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974)); *see also Gottlieb*, 43 F.3d at 483.  "[R]arely are all of the *Johnson* factors applicable; this is particularly so in a common fund situation."  *Brown*, 838 F.2d at 455-56 ("The court here clearly considered all of the relevant *Johnson* factors and applied

them appropriately."). Thus, in evaluating the reasonableness of a fee award, a court need not specifically address each *Johnson* factor. *Gudenkauf v. Stauffer Commc'ns, Inc.*, 158 F.3d 1074, 1083 (10th Cir. 1998).

Class counsel "devoted a vast amount of hours to this litigation" and is experienced in class actions and complex litigation, with class counsel's firm "having served as lead or co-lead counsel in complex FLSA and Wage Actions, and class actions in federal and state courts and other courts around the country." *See* Docket No. 85-2 at 1, 2, ¶¶ 5, 7, 10. In addition, class counsel took this case on a contingency basis, *see id.* at 2, ¶ 9, adding to the risk class counsel incurred by bringing this case. *See In re Crocs, Inc. Secs. Litig.*, No. 07-cv-02351-PAB-KLM, 2014 WL 4670886, at *4 (D. Colo. Sept. 18, 2014) ("A contingent fee arrangement often weighs in favor of a greater fee because such a large investment of money and time places incredible burdens upon law practices.") (internal alterations, quotations, and citation omitted). A fee of 40% of the common fund is within the customary range for contingent fee awards in common fund settlement cases. *See Johnston v. Camino Nat. Res., LLC*, No. 19-cv-02742-CMA-SKC, 2021 WL 2550165, at *2 (D. Colo. June 22, 2021) (finding that an attorney's fee award that is 40% of the settlement fund is "within the normal range for a contingent fee award"); *Whittington v. Taco Bell of Am., Inc.*, No. 10-cv-01884-KMT-MEH, 2013 WL 6022972, at *6 (D. Colo. Nov. 13, 2013) ("Together the fees and costs amount to approximately 39% of the fund as a whole. This is within the normal range for a contingent fee award."); *Vaszlavik v. Storage Corp.*, No. 95-cv-02525, 2000 WL 1268824, at *4 (D. Colo. Mar. 9, 2000) ("A 30% common fund fee award is in the middle of the ordinary 20%-50% range and is presumptively reasonable."). The Court finds

that, under the *Johnston* factors, an award of $200,000 in attorney's fees to class counsel is reasonable.  However, as discussed at the fairness hearing, class counsel shall pay the amount Ms. Cathcart is owed under the settlement agreement out of the attorney's fee award.

Regarding the $5,000 service award for Ms. Anderson, the Court finds that this amount is reasonable.  "When determining whether a service award is reasonable, courts consider the actions the plaintiff has taken to protect the interests of the class, the degree to which the class benefited from those actions, the time and effort required to pursue the litigation, and any reasonable fears of workplace retaliation."  *Stanley v. Panorama Orthopedics & Spine Ctr., P.C.*, 22-cv-01176-RM-SBP, 2024 WL 1743497, at *13 (D. Colo. Apr. 23, 2024).

The parties state that "Ms. Anderson met with Class Counsel Sara Green on several occasions to discuss her employment with Defendant, Defendant's pay practices, and her time records in order to assist with the Complaint" and "assisted counsel in preparing for settlement negotiations."  Docket No. 74 at 7.  These are "consequential tasks" and the service award "appear[s] to be in line with . . . awards . . . that have been approved in class settlements in this District."  *See Stanley*, 2024 WL 1743497, at *14.

## V.    CONCLUSION

For the foregoing reasons, it is

**ORDERED** that, pursuant to Federal Rule of Civil Procedure 23(b)(3) and 29 U.S.C. § 216(b), and for the purposes of settlement only, the settlement class is certified as follows:

All current and former closed captioners in Colorado who worked for Defendant from January 31, 2022 through the date of final settlement approval.

It is further

**ORDERED** that Class Counsel's Unopposed Motion for Approval of Attorneys' Fees [Docket No. 85] is **GRANTED**.  It is further

**ORDERED** that the Joint Motion for Final Approval of Class Action Settlement [Docket No. 89] is **GRANTED**.  It is further

**ORDERED** that the Court finds, solely for the purposes of this settlement, that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied in that: (a) the members of the settlement class are so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the class; (c) the claims of the named plaintiffs are typical of the claims of the class; (d) the named plaintiffs and plaintiffs' counsel have fairly and adequately represented and protected the interests of all of the class members; and (e) questions of law or fact predominate over any questions affecting only individual members and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. It is further

**ORDERED** that the Court finds that the notice given to members of the class was the best notice practicable under the circumstances, was reasonably calculated under the circumstances to apprise such members of the pendency of this action and to afford them an opportunity to object to, and meets the requirements of Fed. R. Civ. P. 23 (c)(2)(B) and (e)(1).  Because the Court has afforded a full opportunity to all class members to be heard, the Court further determines that all members of the class are bound by the settlement agreement.  It is further

**ORDERED** that, pursuant to Fed. R. Civ. P. 23(e)(2), this Court finds that the settlement agreement is fair, reasonable, and adequate.  Accordingly, the Court gives final approval to the settlement agreement in all respects and authorizes and directs the parties to consummate the settlement agreement in accordance with its terms and provisions.  It is further

**ORDERED** that plaintiff shall file the settlement agreement as a separate docket entry within **seven days** of the entry of this Order.  It is further

**ORDERED** that the parties and their counsel shall fulfill their obligations and duties under the settlement agreement.  It is further

**ORDERED** that Katelyn Anderson and all class members are permanently enjoined and barred from asserting, initiating, prosecuting, or continuing any of the claims released by the settlement agreement.  It is further

**ORDERED** that class counsel is awarded $200,000 from the settlement fund, which represents forty percent of the net settlement fund.  It is further

**ORDERED** that class counsel shall pay the amount Sharron Cathcart is owed under the settlement agreement out of the attorney's fees award.  It is further

**ORDERED** that named plaintiff Katelyn Anderson shall be paid $5,000 from the settlement fund as a service award.  It is further

**ORDERED** that neither this Order nor the settlement agreement is an admission or concession by defendant respecting any facts, liabilities, or wrongdoing.  It is further

**ORDERED** that, without affecting the finality of this Order, this Court retains jurisdiction to consider all further matters arising out of or connected with the settlement agreement, including its implementation.  It is further

15

**ORDERED** that judgment shall be entered dismissing this case with prejudice.

DATED July 15, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge